# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LUZ AQUINO, | |
| Plaintiff, | Case No. 2:15-cv-00068-GMN-GWF |
| vs. | **ORDER** |
| PNC MORTGAGE; CLEAR RECON CORP., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion for Entry of Clerks' Default (#9) and Motion for Entry of Clerks' Default (#10), filed on April 21, 2015.

Plaintiff requests that the Clerk of the Court enter default against Defendants PNC Mortgage and Clear Recon Corp. Plaintiff represents that the Defendants were served on February 3, 2015, and are now in default. Defendants did not submit an answer within the 21 day period required by Fed R. Civ. P. 12(a)(1)(A). Defendant Clear Recon Corp. filed a Notice of Appearance (#4) on February 24, 2015, but made no further filings before the instant motion was filed. Defendant PNC Mortgage filed a Motion to Dismiss on April 8, 2015 (#6), which was after the prescribed 21 day period but before the Plaintiff moved for Entry of Clerks' Default.

The decision to enter a default judgment is within the discretion of the Court. *Lau Ah Yew v. Dulles*, 236 F.2d 415, 416 (9th Cir. 1956). There is a strong preference that a case be decided on its merits and not by default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) *citing Pena v. Seguros La Comercial, S.A.*, 770 F.2d 8111, 814 (9th Cir. 1985).

In the instant case, Plaintiff has not shown any demonstrable prejudice she has suffered due to the delayed filings by the Defendants. Furthermore, Defendant PNC Mortgage did appear in this case and file a Motion to Dismiss (#6) and a Request for Judicial Notice (#7) before any application

for default was made. In those filings, the Defendant indicated that there is prior litigation over the same subject matter between the Plaintiff and the Defendant, and alleges that the Plaintiff's claims lack merit due to filings made in prior case 2:11-cv-01990-GMN-VCF. Since the filing of the motion, Defendant Clear Recon Corp. has joined the motion to dismiss, Plaintiff has filed responses to the Motion to Dismiss, and both Defendants have filed replies to the Plaintiff's responses. Because of the strong preference for determining cases on the merits, default is inappropriate when the parties have appeared and offered a defense, even when the appearance was made after the 21 day limit. The denial of an entry of default will not prevent the Plaintiff from proving the merits of her claims. Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's Motion for Entry of Clerks' Default (#9) and Motion for Entry of Clerks' Default (#10) are **denied**.

**DATED** this 22nd day of May, 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge