# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LUZ AQUINO, | ) |
| Plaintiff, | ) Case No. 2:15-cv-00068-GMN-GWF |
| vs. | ) **ORDER** |
| PNC MORTGAGE; CLEAR RECON CORP., | ) |
| Defendants. | ) |

This matter is before the Court on Defendants' Joint Motion to Stay Discovery (#20), filed on June 8, 2015. Plaintiff filed a Response to the Motion to Stay (#24) on June 18, 2015.

Defendants jointly request a stay of discovery pending the Court's ruling on Defendant PCNC's Motion to Dismiss (#6). Defendant Clear Recon Group joined the Motion to Dismiss on April 21, 2015 (#11). The Court has broad discretion to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). The moving party bears the heavy burden of making a strong showing why discovery should be denied. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) (citing *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997)). The Court may grant a motion to stay discovery when "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion is convinced that the plaintiff will be unable to state a claim for relief." *Kor Media Group*, 294 F.R.D. at 581 (citing *Turner*, 175 F.R.D. at 556); *see also Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1997) (finding that the court may stay discovery when convinced that the plaintiff cannot state a claim for relief).

. . .

The Motion to Dismiss, filed under Fed. R. Civ. P. 12(b)(6), is potentially dispositve of all claims alleged in the Complaint. Plaintiff does not dispute the dispositive nature of the Defendants' Motion. *See Response to Motion to Stay* (#24). The motion is fully briefed and awaits the Court's ruling. Neither party has sought additional discovery for the motion to dismiss. Furthermore, Rule 12(b)(6) requires only the Court to examine if the pleadings are sufficient to establish the claim, and does not require the Court to determine if the Plaintiff could find evidence to support the pleadings. *Tracy v. United States*, 243 F.R.D. 662, 664 (D. Nev. 2007) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).

The Court's preliminary peek places the undersigned in an awkward position, as the district judge may evaluate the motion to dismiss differently. *Tradebay LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). The Court's findings here are not intended to prejudice the outcome of the motion to dismiss in any way.

The instant action is not the first case the Plaintiff has filed regarding the mortgage on her property. *See* Case No. 2:11-cv-01990-GMN-VCF. The Plaintiff's admissions made in the prior case appear to contradict claims made in the instant complaint; specifically, the Plaintiff previously admitted that PNC Mortgage was the holder of the debt, and now claims that PNC Mortgage has no right to collect on the debt. Furthermore, the Plaintiff does not appear to properly plead any of the claims alleged in her complaint, and provides no legal backing sufficient to support her conclusory allegations. Plaintiff bases substantial portions of her complaint and her opposition to the motion to dismiss on Defendants' status as a "debt collector." Not only do the Defendants not qualify as "debt collectors" under the statute, foreclosure activities do not constitute "debt collection." *See Banuelos v. Pinnacele Fin. Corp.*, 2011 LW 1100123, *2 (D. Nev. 2011) ("lenders and foreclosing entities are simply not debt collectors under the statute."); *Croce v. Trinity Mortg. Assur. Corp.*, 2009 WL 3172119, *2 (D. Nev. 2009) (creditors, mortgage servicing companies, and assignees of a debt that was not in default when assigned do not constitute debt collectors under the FDCPA); *Camacho-Villa v. Great W. Home Loans*, 2011 WL 1103681, *4 (D. Nev. 2011) ("foreclosure pursuant to a deed of trust does not constitute debt collection under the FDCPA."). Based on the preliminary peek, the Court believes that the Defendants will succeed on their Motion to Dismiss

(#20) and is convinced that Plaintiff does not state a claim on which relief can be granted. The Court finds that the Defendants have met their burden and made a sufficient showing to grant the motion to stay. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Joint Motion to Stay Discovery (#20) is **granted**. Discovery in this matter is stayed pending the District Court's decision on Defendants' Motion to Dismiss (#6).

**DATED** this 23rd day of June, 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge