UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LUZ AQUINO,            ) <br>                                      ) <br>            Plaintiff,       ) <br>   vs.                          ) <br>                                      ) <br> PNC MORTGAGE; CLEAR RECON CORP., ) <br>                                      ) <br>            Defendants.   ) <br>                                      ) | Case No.: 2:15-cv-00068-GMN-GWF <br><br> **ORDER** |

Pending before the Court is a Motion to Dismiss (ECF No. 6) filed by Defendant PNC Bank, N.A. dba PNC Mortgage ("PNC"). Defendant Clear Recon Corp. ("Clear Recon") joined Defendant PNC's Motion to Dismiss (ECF No. 11). Plaintiff filed a Response to Defendant PNC's (ECF No. 12) and a Response to Defendant Clear Recon's Joinder (ECF No. 13). Defendant PNC filed a Reply (ECF No. 15), and Defendant Clear Recon filed a Reply (ECF No. 16). For the reasons discussed below, the Motion to Dismiss will be **GRANTED**.

**I.   BACKGROUND**

This case arises out of foreclosure proceedings against Plaintiff's residential property located at 395 E. Wigwam Ave, Las Vegas, NV 89123. (*See* Compl., ECF No.1; Deed of Trust, ECF No.1). Plaintiff received several dunning notices from Defendant PNC and Defendant Clear Recon, indicating different amounts past due. (Compl. ¶ 17). Also, Plaintiff's credit report, as of July 8, 2014, indicated that Defendant PNC had reported a debt owed of $42,316,962.01. (*Id.*) Plaintiff contends that Defendant Clear Recon is now threatening foreclosure. (*Id.* ¶ 19).

As a result, Plaintiff brought this action, alleging four causes of action: (1) Violation of the Fair Credit Reporting Act (the "FCRA") against Defendant PNC; (2) Invasion of Privacy against Defendant PNC; (3) Negligent, Wanton, and/or Intentional Hiring/Supervision of

Incompetent Employees against both Defendants; and (4) Violation of the Fair Debt Collection Practices Act (the "FDCPA") against both Defendants. (*Id*. ¶¶ 24–54). The parties subsequently filed the current pending motions.[1]

## II. LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

---

[1] Plaintiff opposes Defendant Clear Recon's Joinder to Defendant PNC's Motion to Dismiss because Plaintiff had filed a Motion for Default against Defendant Clear Recon. (*See* ECF No. 10).  However, when Defendant Clear Recon had filed its joinder motion, default had not yet been entered, and on May 22, 2015, Plaintiff's Motion for Default was denied. (*See* ECF No. 17).  Therefore, the Court will consider Defendant Clear Recon's Joinder.

prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.  DISCUSSION

Defendant argues that each of Plaintiff's claims fail as a matter of law. These claims will be addressed in turn. The Court also acknowledges at the outset that the Complaint filed in this case is in large part identical to the complaint filed in *O'Connor v. Capital One, N.A.*, No. CV 14–00177–KAW, 2014 WL 2215965 (N.D. Cal. May 29, 2014).

**A. Violation of FCRA Against PNC**

While it is not entirely clear, Plaintiff's first cause of action appears to allege a violation of Sections 1681e(b) and 1681s-2(b) of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") against PNC. (*See* Compl. ¶¶ 24–34). Congress enacted the FCRA in 1970 "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 53 (2007).

Plaintiff alleges that PNC violated Section 1681e(b) of the FCRA by failing "to maintain, and … follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report." (Compl. ¶ 30). However, by its clear terms, § 1681e(b) applies to consumer reporting agencies. 15 U.S.C. § 1681e(b) (2012). Plaintiff does not allege that PNC is a consumer reporting agency.

With regards to the factual allegations related to Plaintiff's claim that PNC violated Section 1681s-2(b), Plaintiff solely alleges that, "[i]n July of 2014 Plaintiff discovered defendant PNC MORTGAGE was reporting this alleged debt to all three credit reporting agencies [and] Plaintiff on July 8, 2014 immediately filed disputes with the three credit reporting agencies." (Compl. ¶ 18). Section 1681s–2(b) imposes certain duties on those who furnish information to CRAs upon notice of a dispute. However, "[t]hese duties arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from

the consumer does not trigger furnishers' duties under subsection (b)." *Gorman*, 584 F.3d at 1154.  Here, Plaintiff does not allege that PNC received notice of dispute from a CRA.  Accordingly, the Court dismisses Plaintiff's claim arising under the FCRA.

### B.  Invasion of Privacy Against PNC

Plaintiff's second cause of action asserts a claim of invasion of privacy against PNC. (Compl. ¶¶ 35–39).  Specifically, Plaintiff generally asserts that PNC improperly obtained her personal and private information, resulting in an invasion of her privacy. (*Id.* ¶¶ 37–38). Plaintiff also asserts that PNC "may [ ] be guilty of identity theft under the state and federal law." (*See id.* ¶ 38).

"A cause of action for invasion of privacy requires: (1) an intentional intrusion by defendant; (2) on the solitude or seclusion of the plaintiff; (3) that would be highly offensive to a reasonable person." *Downs v. River City Grp., LLC*, No. 3:11–CV–0885–LRH–WGC, 2012 WL 1684598, at *4 (D. Nev. May 11, 2012).  The tort has a public disclosure requirement, which contemplates disclosure to more than individuals or small groups. *Kuhn v. Account Control Tech., Inc.*, 865 F. Supp. 1443, 1448 (D. Nev. 1994).

Plaintiff's invasion of privacy claim fails for multiple reasons.  First, the Court finds that Plaintiff's claim is preempted by federal law.  Section 1681t(b) of the FCRA, which discusses the statute's relationship to state laws, reads in pertinent part:

No requirement or prohibition may be imposed under the laws of any State—
(1) with respect to any subject matter regulated under—
  (F) section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies ….

15 U.S.C.A. § 1681t(b).  The Ninth Circuit has recognized a tension between § 1681t(b)(1)(F), which appears "to preempt all state law claims based on a creditor's responsibilities under § 1681s2," and § 1681h(e), which "suggests that [invasion of privacy] claims can proceed against

creditors as long as the plaintiff alleges falsity and malice." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1166 (9th Cir. 2009). However, the Ninth Circuit did not settle the issue, and the Court finds *O'Connor* persuasive.

"Courts have interpreted § 1681t(b)(1)(F) to preclude all state common law and statutory claims, to effect Congress' intent to limit a plaintiff's recovery against furnishers of credit information to only the remedies provided under the FCRA." *O'Connor*, 2014 WL 2215965, at *8 (internal quotations omitted); *Miller v. Bank of Am ., Nat. Ass'n*, 858 F. Supp. 2d 1118, 1124 (S.D. Cal. 2012).

Here, Plaintiff's cause of action relies on PNC's purported status as a "debt collector." (*See* Compl. ¶ 36). In this respect, the alleged invasion of privacy—PNC's improper reception of Plaintiff's social security number—is regulated by federal law and as such, would be preempted by the FCRA. *See O'Connor*, 2014 WL 2215965, at *8.

However, even if Plaintiff's claim was not preempted, Plaintiff has failed to state a viable claim for relief. Plaintiff has not alleged any facts which suggest an intrusion occurred that is "highly offensive to a reasonable person," let alone any facts that suggest an "intentional intrusion" occurred at all. Thus, there are no facts to suggest a plausible claim for relief. Accordingly, the Court dismisses this claim.

**C. Negligence Against Defendants**

Plaintiff's third cause of action is one for the negligent hiring and supervision of employees. Specifically, Plaintiff asserts that:

> Defendants [ ] were aware of their wrongful conduct in creating an alleged debt Plaintiff are not obligated to, or are not able to discern the amount and character of the alleged debt. Defendants knew and approve[d] of its incompetent employees and agents, attorney debt collectors, and debt collection against the Plaintiff. Defendants [ ] negligently and/or intentionally, hired, trained, retained, or supervised incompetent debt collectors ….

(*See* Compl. ¶ 41).

"To state a claim for negligent training and supervision in Nevada, Plaintiff must show (1) a general duty on the employer to use reasonable care in the training and/or supervision of employees to ensure that they are fit for their positions; (2) breach; (3) injury; and (4) causation." *Montes v. Bank of Am. NA.*, 2:13–CV–660–RCJ–VCF, 2013 WL 5882778, at *7 (D. Nev. Oct. 30, 2013) (citing *Okeke v. Biomat USA, Inc.*, 927 F. Supp. 2d 1021, 1028 (D. Nev. 2013)).

"Claims for negligent training and supervision are based upon the premise that an employer should be liable when it places an employee, who it knows or should have known behaves wrongfully, in a position in which the employee can harm someone else." *Okeke*, 927 F. Supp. 2d at 1028. However, an "employee's wrongful behavior does not in and of itself give rise to a claim for negligent training and supervision." *Id.*

Claims for negligent hiring, on the other hand, depend on an employer breaching its "general duty ... to conduct a reasonable background check on a potential employee to ensure that the employee is fit for the position." *Rockwell v. Sun Harbor Budget Suites*, 112 Nev. 1217, 1227 (1996) (quoting *Burnett v. C.B.A. Security Serv.*, 107 Nev. 787, 789 (1991)).

In her complaint, Plaintiff failed to plead any facts to establish that Defendants "owed [her] a duty of care, as [s]he does not name specific employees, does not identify the alleged incompetence, or otherwise describe the conduct giving rise to this cause of action." *See O'Connor*, 2014 WL 2215965, at *9 (facing a substantially similar complaint). In addition, Plaintiff has not alleged that Defendants failed to conduct reasonable background checks, or alleged any facts which suggests this is plausible.

Furthermore, Plaintiff's cause of action is premised on the alleged debt collection being wrongful conduct. (*See* Compl. ¶ 41). However, as discussed below, Plaintiff has failed to plead facts that suggest Defendants are a debt collector under the Fair Debt Collection Practices

Act, (hereinafter, "FDCPA"), or that Defendants had engaged in debt collection activity. Therefore, Plaintiff has failed to plead facts that give rise to a reasonable inference that conduct undertaken by Defendant's employees was wrongful. *O'Connor*, 2014 WL 2215965, at *9.

Lastly, Plaintiff has failed to even acknowledge this claim in her opposition to Defendant's Motion to Dismiss. Accordingly, Defendant's Motion to Dismiss will be granted as to this claim.

### D. Violation of FDCPA Against Defendants

Plaintiff's fourth cause of action is for violations of the FDCPA, 15 U.S.C. § 1692. The FDCPA "prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 541 U.S. 291, 292 (1995).

"In order to establish a claim under the FDCPA, plaintiff must show: (1) that [she] is a consumer within the meaning of 15 U.S.C. §§ 1692a(3) and 1692c(d); (2) that the debt arises out of a transaction entered into for personal purposes; (3) that the defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6); and (4) that the defendant violated one of the provisions of the FDCPA, 15 U.S.C. §§ 1692a–1692o." *Gutierrez v. Wells Fargo Bank*, C 08–5586 SI, 2009 WL 322915, at *2 (N.D. Cal. Feb. 9, 2009); see *Spartalian v. Citibank, N.A.*, No. 2:12–CV–00742–MMD, 2013 WL 5437347, at *3 (D. Nev. Sept. 27, 2013).

Plaintiff alleges that she is a "consumer" within the meaning of 15 U.S.C. § 1692a(3), and that the debt arises out of a transaction incurred for household purposes. (*See* Compl. ¶ 45). Defendants do not challenge these allegations, but instead argues that Plaintiff's FDCPA claims fail as a matter of law because Plaintiff has failed to plead factual content indicating that Defendants are debt collectors or that Defendants violated any of the aforementioned provisions. The Court agrees.

In order to be liable under the FDCPA, Defendants must fall within the statutory definition of "debt collector" and have been engaged in the collection of a debt. *Gutierrez*, 2009

WL 322915, at *2; *see Izenberg v. ETS Servs. LLC*, 589 F. Supp. 2d 1193, 1198–99 (C.D. Cal. 2008).  A "debt collector" is defined as (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or (2) who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

"The Ninth Circuit, while rejecting the per se rule adopted by other Courts of Appeal that a creditor cannot be [a] debt collector[ ], has held that a plaintiff must plead factual content that allows the court to draw the reasonable inference that [defendant] is a debt collector." *O'Connor*, 2014 WL 2215965, at *5 (emphasis added) (internal quotations omitted); *see Schlegel v. Wells Fargo Bank, N.A.*, 720 F.3d 1204, 1208 n.2 (9th Cir. 2013).  Although this factual content need not be particularly detailed, Rule 8 demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (citation omitted).

Although Plaintiff continually refers to Defendants as "debt collector," Plaintiff has not pleaded facts showing that this is in fact the case.  Plaintiff merely asserts that Defendants "continue to make attempts at collection of the alleged debt through erroneous credit reporting and threatening letters to sell Plaintiff['s] property."  Plaintiff fails to plead any facts that suggest (1) that the "principal purpose" of Defendants' business is debt collection, (2) that Defendants regularly collect or attempt to collect, debts owed or due another, or (3) that Defendants were assigned a defaulted loan for the purposes of debt collection, which is generally required for a finding of debt collector status under the FDCPA. *Brown v. U.S. Bank Nat'l Ass'n*, C12–04587 HRL, 2013 WL 4538131, at *3 (N.D. Cal. Aug. 23, 2013); *see also Nool v. HomeQ Servicing*, 653 F. Supp. 2d 1047, 1053 (E.D. Cal. Sept. 4, 2009) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)).  In other words, Plaintiff's conclusory allegations are devoid of content.

Furthermore, in alleging a violation of the FDCPA, Plaintiff merely restates several provisions of 15 U.S.C. §§ 1692a–1692o, without pleading any facts which would suggest any one of these provisions has been violated.  Plaintiff doesn't even allege that violations occurred, but that there are "[p]ossible [ ] violations." (*See* Compl. ¶ 47).

For these reasons, the Court finds that Plaintiff's claims are conclusory and fail to show a plausible claim for relief.  Therefore, Plaintiff's FDCPA claims are dismissed.

### IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendant PNC Mortgage's Motion to Dismiss (ECF No. 6) is **GRANTED**.

The clerk shall enter judgment accordingly and close the case.

**DATED** this __21__ day of October, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court