Andrew A Bao, Esq.
Nevada Bar No. 10508
aabao@wolfewyman.com
WOLFE & WYMAN LLP
980 Kelly Johnson Drive, Suite 140
Las Vegas, Nevada 89119
Telephone: (702) 476-0100
Facsimile:  (702) 476-0101

Attorneys for Defendant
PNC BANK, N.A., dba PNC Mortgage

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LUZ AQUINO,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PNC MORTGAGE; CLEAR RECON CORP.,<br><br>　　　　Defendants. | Case No.: 2:15-cv-00068 GMN GWF<br><br>**MOTION FOR AWARD OF ATTORNEY'S FEES BY PNC BANK, N.A.; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANDREW A. BAO IN SUPPORT**<br><br>Action Filed:  01/13/2015<br>Trial Date:　　None set. |

**TO ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD:**

　　　Defendant PNC BANK N.A., dba PNC Mortgage ("PNC"), by and through its counsel of record, Wolfe & Wyman LLP, hereby moves for an award of attorney's fees incurred in this action.

///
///
///
///
///
///
///

1
MOTION FOR AWARD OF ATTORNEY'S FEES BY PNC BANK, N.A.

PNC bases this Motion on the attached Memorandum of Points and Authorities filed and served concurrently, all declarations and exhibits thereto, the pleadings and papers on file herein and upon such oral and documentary evidence as may be presented at any hearing the Court may set.

DATED: November 6, 2015        WOLFE & WYMAN LLP

By: /s/ Andrew A. Bao  SBN 10508
Andrew A Bao, Esq.
Nevada Bar No. 10508
aabao@wolfewyman.com
WOLFE & WYMAN LLP
980 Kelly Johnson Drive, Suite 140
Las Vegas, Nevada 89119
Telephone: (702) 476-0100
Facsimile: (702) 476-0101
Attorneys for Defendant
**PNC BANK, N.A. dba PNC Mortgage**



2

MOTION FOR AWARD OF ATTORNEY'S FEES BY PNC BANK, N.A.

2142999.1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This instant action represents Plaintiff's third lawsuit related to the same Subject Property and mortgage thereto. Despite Plaintiff repeatedly having admitted that she obtained the mortgage at issue and attaching exhibits to the Complaint that demonstrated she entered into a loan contract with PNC's predecessors, Plaintiff sought to absolve herself of any contractual obligations under the mortgage, and claimed PNC was attempting to wrongfully collect on the mortgage. In essence, this instant lawsuit was another clear attempt to avoid foreclosure proceedings on the Subject Property while not making payments on the mortgage.

Based on her unsupported and clearly contradicted allegations, Plaintiff brought frivolous claims for (1) Violation of the Fair Credit Reporting Act, (2) Invasion of Privacy, (3) Negligent, Wanton, and/or Intentional Hiring/Supervision of Incompetent Employees, and (4) Violation of the Fair Debt Collection Practices Act. The majority of Plaintiff's Complaint was identical to the complaint filed in *O'Connor v. Capital One, N.A.*, No. CV14-00177-KAW, 2014 WL 2215965 (N.D. Cal., May 29, 2014). On October 21, 2015, this Court granted PNC's Motion to Dismiss and dismissed Plaintiff's complaint against PNC with prejudice for failure to state a claim under Fed. R. Civ. Proc. 12(b)(6). (*See* Order, ECF Doc 27.) The Clerk entered Judgment in PNC's favor and against Plaintiff on October 21, 2015.

As the prevailing party, PNC now moves to recover its reasonable attorneys' fees incurred in disposing of this baseless claim on two independent grounds: (1) the Deed of Trust and Note, to which PNC succeeded the original lender's interest via merger, provide for recovery of reasonable attorneys fees; and (2) Plaintiff's complaint was brought without reasonable grounds and for purposes of harassing PNC, triggering the attorneys' fees provision of N.R.S 18.010(2)(b) and 28 U.S.C. §1927.

### II. SUMMARY OF PERTINENT FACTS

The real property at issue is located at 395 W. Wigwam Ave., Las Vegas, NV. 89123 ("Subject Property") (Complaint, see Exhibits thereto). In May 2007, Plaintiff Luz Aquino ("Plaintiff") obtained a mortgage with a principal balance of $815,000.00, secured by a deed of trust

1
MEMORANDUM OF POINTS AND AUTHORITIES

1  against the Subject Property ("Subject Loan") (Complaint, **Exhibit D**, Note and Deed of Trust
2  attached thereto).
3      After receiving the Subject Loan, Plaintiff filed two separate actions related to the Subject
4  Property and mortgage, one against National City Mortgage, and one against PNC, both of which
5  were dismissed with prejudice. (*See* Docket No. 7)
6      Despite these two prior actions, in this instant Complaint, Plaintiff alleges that between
7  February 2014 and September 2014, she received multiple "dunning notices" from PNC and co-
8  defendant Clear Recon Corp. ("Clear Recon") (Complaint ¶¶7-15). Plaintiff alleges these were
9  violations of the FDCPA because PNC is attempting to collect on a debt that is not validated
10 (Complaint ¶11). Yet, the Complaint provides documentation showing PNC validated the debt for
11 Plaintiff on multiple occasions in regards to the Subject Loan (Complaint, **Exhibit D, and**
12 **Exhibit E**). Furthermore, PNC both recorded documents and sent letters to Plaintiff indicating that
13 it was the successor by merger to National City Mortgage, a division of National City Bank, the
14 named lender on the Note and Deed of Trust securing the Subject Loan (Complaint, **Exhibit C,**
15 **Exhibit D** (Substitution of Trustee)). Plaintiff further alleges that PNC has improperly reported
16 derogatory information on her credit report relating to the Subject Loan, and was seeking the Court
17 declare PNC has no interest in the Subject Loan (Complaint ¶17).
18     PNC filed a motion to dismiss the entire Complaint. (Docket Doc No. 6). On October 21,
19 2015, this court issued an order dismissing PNC from the action, and entered judgment in PNC's
20 favor.
21 **III.   STANDARD OF REVIEW**
22     The standard of review for a district court's attorney's fees award is abuse of discretion.
23 *Cunningham v. County of Los Angeles,* 879 F. 2d 481, 487 (9th Cir 1988). Because this action
24 involves both federal claims and state law claims, both Nevada and federal law govern PNC's right
25 to recover its attorneys' fees in this case. In diversity jurisdiction cases, substantive state law
26 controls the decision to award attorneys' fees and the factors considered in calculating the fee award.
27 *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 259 (1975); *Canada Life Assur.*
28 *Co. v. LaPeter,* 563 F. 3d 837, 847 (9th Cir. 2009); *Mangold v. California Pub. Util. Comm'n,* 67

F.3d 1470, 1478 (9th Cir. 1995).

## IV. PNC IS ENTITLED TO ATTORNEY'S FEES AWARD AGAINST PLAINTIFF IN THE AMOUNT OF $7,901.00

Here, PNC is entitled to an attorney's fees award against Plaintiff on three grounds.

### A. PNC is Entitled to Recover Reasonably Incurred Attorneys' Fees Under the Loan Documents Executed by Plaintiff.

As outlined above, PNC succeeded the original lender, National City Mortgage Co.'s, interest in the Note and Deed of Trust via merger. (*See* Complaint, **Exhibits C, Exhibit D**) Both the Note and Deed of Trust contain attorneys' fees provisions in the lender's favor. Specifically, paragraph 7(E) of the Note states:

> "if Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses in enforcing the note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees." (*See* Complaint, **Exhibit D**)

Similarly, paragraph 22 of the Deed of Trust provides that in the event of default by the grantor: "Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees." Under these explicit provisions, PNC is entitled to recover its reasonably expended attorneys' fees.

### B. PNC is Entitled to an Award of Attorney Fees pursuant to NRS §18.010(2)(b) because Plaintiff's Claim was brought against PNC without reasonable grounds and/or to harass PNC

In the alternative, PNC should recover their attorney's fees under N.R.S. § 18.010(2)(b). N.R.S. §18.010(2)(b) states that a party can obtain attorneys' fees when a court finds that a claim was "brought or maintained without reasonable ground or to harass the prevailing party…". The statute further expressly states that "the court shall liberally construe the provisions of this paragraph in favor of awarding attorney's fees in all appropriate situations" because the purpose of this statute is to "punish for and deter frivolous or vexatious claims and defenses because such claims and defenses overburden limited judicial resources, hinder the timely resolution of meritorious claims and increase the costs of engaging in business and providing professional services to the public." Id.

Under N.R.S. §18.010(2)(b), an award of attorney's fees is discretionary. *Foley v. Morse & Mowbray*, 109 Nev. 116, 124, 848 P. 2d 519, 524 (1993). In order to obtain an award of attorney's

3

1  fees under this provision, the moving party must provide evidence in the record supporting that the
2  complaint was bought without reasonable grounds or to harass the other party. *Kahn v. Morse &*
3  *Mowbray,* 121 Nev. 46, 117 P. 3d 227 (2005). *Semenza v. Caughlin Crafted Homes*, 111 Nev. 1089;
4  901 P. 2d 684 (1995). Such an analysis depends on the actual circumstances of the case. *Bergmann*
5  *v. Boбyce*, 109 Nev. 670, 675; 856 P. 2d 560, 563 (1993).

6  Here, Plaintiff maintained a claim against PNC when there was no legal basis to do so.
7  Plaintiff's claims against PNC center around her unsubstantiated claims that PNC was a "debt
8  collector", failure to validate the Subject Loan, and improperly attempted to collect on the Subject
9  Loan. However, Plaintiff's Complaint attached exhibits which clearly contradicted the basis for her
10 claims. Further, in prior lawsuits, Plaintiff admits that she had executed the Note and Deed of Trust
11 underlying the Subject Loan, and admitted that PNC was the successor by merger. (Docket No. 7)
12 In this same lawsuit, Plaintiff asserted numerous allegations related to her attempt to modify the
13 Subject Loan by contacting PNC. (Docket No. 7) As such, Plaintiff's own exhibits and prior
14 lawsuits, demonstrate that Plaintiff had no legal basis to bring this instant action.

15 Additionally, as set forth in this Court's Order, the Complaint filed in this case is "in large
16 part identical to the complaint filed in *O'Connor v. Capital One, N.A.*, No. CV 14-00177-KAW,
17 2014 WL 2215965 (N.D. Cal., May 29, 2014). (Docket No. 27). Further, the Order noted that the
18 Complaint was devoid of any facts to support any of claims, and consisted of only conclusory
19 allegations that failed to show a plausible claim for relief.

20 Additionally, this lawsuit represents the third action Plaintiff has brought regarding the same
21 Subject Loan and Subject Property. Each of these prior lawsuits was dismissed with prejudice.
22 (Docket No. 7). Further, Plaintiff has previously recorded a false reconveyance as to the Deed of
23 Trust securing the Subject Loan, which PNC had to rescind. (Request for Judicial Notice, **Exhibits**
24 **1 and 2**) As such, the instant complaint is clearly another in a long line of lawsuits Plaintiff has filed
25 in an effort to harass PNC and to prevent it from moving forward with the foreclosure sale based on
26 her failure to make timely payments.

27 Accordingly, at the very least, Plaintiff has not demonstrated any reasonable grounds to
28 maintain a claim in the instant Complaint against PNC. As a result, PNC is entitled to an award of

4
**MEMORANDUM OF POINTS AND AUTHORITIES**

1 | attorney fees under N.R.S. §18.010(2)(b).

2 |     **C.**    **PNC is Entitled to Attorney's Fees Under 28 U.S.C. §1927**

3 Additionally, PNC is entitled to recover their attorney's fees under 28 U.S.C. §1927. "Any attorney or other person who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Sanctions under this code section are appropriate when an attorney acts recklessly or with indifference to the law. They may also be awarded when an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis; [or] when the entire course of the proceedings was unwarranted. *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1278 (10th Cir.2005) (quotations and citations omitted; alteration in original). Additionally, numerous counts have found that sanctions under 28 U.S.C. § 1927 can be imposed upon a pro se Plaintiff. *See Wages v. I.R.S.*, 915 F.2d 1230, 1235-36 (9th Cir., 1990); *Brown v. Adidas Inc.*, 938 F.Supp. 628, 636 (S.D. Cal., 1996).

Here, as detailed above, Plaintiff's claims against PNC center around her unsubstantiated claims that PNC was a "debt collector", failure to validate the Subject Loan, and improperly attempting to collect on the Subject Loan. However, Plaintiff's Complaint, and prior lawsuits brought against PNC, clearly contradict these claims. Additionally, as noted by the Court, Plaintiff's Complaint was essentially a plagiarized complaint, with no specific facts supporting any of her claims. At a bare minimum, this demonstrate an indifference to the applicable law, causing PNC to be required to litigate these claims that have no merit against it.

Given these circumstances, PNC is entitled to an attorney's fees award against Plaintiff under 28 U.S.C. §1927.

**V.**    **THE ATTORNEY'S FEES REQUESTED ARE REASONABLE**

To determine whether a party's request for attorney's fees is reasonable, the court may consider four factors: 1) the attorney's ability, training, education, experience, professional standing and skill; 2) the difficult, important, time and skill required for attorney services performed; 3) the work actually performed by the attorney and the skill, time and attention given to the work; and 4) whether the attorney was successful and what benefits were derived. *Brunzell v. Golden Gate Nat'l*

1 | *Bank*, 85 Nev. 345, 349-350, 455 P. 2d 31, 33 (Nev. 1969).

2 | Here, the factors show the award requested is reasonable. As set forth in the attached declaration, the itemized attorney's fees award demonstrates PNC's counsel of record engaged in law and motion and discussions with Plaintiff and co-defendant counsel regarding case management conference issues for a total of $6,901.00. PNC's counsel estimates that it will incur an additional $1,000.00 in attorney's fees in bringing this Motion, including the Reply and any oral arguments the Court may wish to hear. PNC's legal counsel's hourly rate was $185.00 or less, a more than reasonable rate given the type of work engaged in herein. Significantly, PNC's counsel limited its billing to most efficiently extricate PNC from this action, including an attempt to stay discovery before additional fees were incurred. Furthermore, in representing PNC, PNC's counsel caused PNC to be completely vindicated and dismissed from this action. Thus, under the *Brunzell* factors, the amount of fees being requested is reasonable and were necessarily incurred based on Plaintiff's unreasonable maintenance of this action.

## VI. CONCLUSION

For the foregoing reasons, PNC seeks a Court order awarding it attorney's fees award of $7,901.00.

DATED: November 6, 2015             WOLFE & WYMAN LLP

By: /s/ Andrew A. Bao  SBN 10508
Andrew A Bao, Esq.
Nevada Bar No. 10508
aabao@wolfewyman.com
WOLFE & WYMAN LLP
980 Kelly Johnson Drive, Suite 140
Las Vegas, Nevada 89119
Telephone: (702) 476-0100
Facsimile: (702) 476-0101
Attorneys for Defendant
**PNC BANK, N.A. dba PNC Mortgage**

## PROOF OF SERVICE

STATE OF CALIFORNIA     )
                        )  ss.
COUNTY OF ORANGE        )

I, Kathy Hagmaier, declare: I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 2301 Dupont Drive, Suite 300, Irvine, California 92612-7531.

On the date shown below, I served the document(s) described as **MOTION FOR AWARD OF ATTORNEY'S FEES BY PNC BANK, N.A.; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANDREW A. BAO IN SUPPORT** on all interested parties in said action by placing a true copy thereof in a sealed envelope addressed as stated on the ATTACHED SERVICE LIST.

☒ **BY MAIL:** as follows:
  ☐ **STATE** - I am "readily familiar" with Wolfe & Wyman LLP's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.
  ☒ **FEDERAL** – I deposited such envelope in the U.S. Mail at Irvine, California, with postage thereon fully prepaid.

☐ **BY PERSONAL SERVICE** as follows: I caused a copy of such document(s) to be delivered by hand to the offices of the addressee between the hours of 9:00 A.M. and 5:00 P.M.

☐ **BY OVERNIGHT COURIER SERVICE** as follows: I caused such envelope to be delivered by overnight courier service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

☒ **BY ELECTRONIC MAIL** as follows: I hereby certify that I electronically transmitted the attached document(s) to the U.S. District Court using the CM/ECF System for filing, service and transmittal of Notice of Electronic Filing to the CM/ECF registrants for this case. Upon completion of the electronic transmission of said document(s), a receipt is issued to the serving party acknowledging receipt by ECF's system, which will be maintained with the original document(s) in our office.

☐ **BY FACSIMILE** as follows: I caused such documents to be transmitted to the telephone number of the addressee listed on the attached service list, by use of facsimile machine telephone number. The facsimile machine used complied with California Rules of Court, Rule 2004 and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), a transmission record of the transmission was printed.

☐ **STATE**   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **FEDERAL**   I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made.

Executed on November 6, 2015, at Irvine, California.

_____
Kathy Hagmaier

2032946.1

**SERVICE LIST**
U.S. District Court, District of Nevada – Case No. 2:15-cv-00068 GMN GWF
<u>Luz Aquino v. PNC Mortgage, et al.</u>
W&W File No. 1264-656
[Revised: 06/15/15]

| | |
|---|---|
| Luz Aquino<br>395 Wigwam Avenue<br>Las Vegas, NV 89123 | **PLAINTIFF PRO SE**<br>Tel.: (702) 250-0388<br>Fax:<br>Email: |
| Laurel I. Handley, Esq.<br>Mara E. Satterthwaite, Esq.<br>ALDRIDGE PITE, LLP<br>520 South 4th Street, Suite 360<br>Las Vegas, NV 89101 | **Attorneys for Defendant**<br>**CLEAR RECON CORP.**<br>Tel.: (858) 750-7600<br>Fax: (702) 685-6342<br>Email: lhandley@piteduncan.com |